UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

C.S. individually and as next friend of A.A.

v.

Warwick School Committee, by its Chair David Testa,
Ashley Deckert, as Director of the Department of
Children Youth and Families.

**COMPLAINT.**

Plaintiff, C.S. files this action as next friend of A.A.  A.A. is a regular education student at Hoxsie Elementary School in Warwick Rhode Island.  A.A. is the grandchild of C.S.  A.A. is also the foster child of C.S.  Under IDEA Special Education law and regulations, Plaintiff is listed as qualified to serve as the parent for A.A., for the purpose of parental consent to referral, evaluation, eligibility, development, and implementation of a written Individualized Education Program in the least restrictive environment and the provision of a Free Appropriate Public Education. 34 C.F.R. 300.30  DCYF denied Plaintiff this role as parent for special education and requested RI Dept of Education to appoint a person unknown to the family from the Parent Surrogate Program at the Sherlock Center at Rhode Island College to serve in this role.  IDEA allows the use of a Parent Surrogate only when there is no other identified parent. 34 C.F.R. 300.519.   DCYF erred in requesting that appointment.  At the very least, one would think that DCYF and the District would want children in their care who have active family members/foster parents who are willing to participate in the special education process do so, but they have both decided Plaintiff will not be allowed to do so.

**PARTIES**

1.      The Plaintiff C.S. is a foster parent, grandparent of AA at all times relevant hereto and designated as the Next Friend of AA due to a significant relationship with AA.  See Sam M. ex rel. Elliot Carcieri, 608 F.3d 77 (1st Cir. 2010).

2.  C.S. as the Foster parent of A.A. also has authority under IDEA, 20 U.S.C. § 1400 et seq. to acts as A.A's parent in IDEA proceedings.

3.  The Defendant Warwick School Committee ("Warwick") is sued by its Chair David Testa.

4.  Ashley Deckert is sued as the Director of the Rhode Island Department of Children Youth and Families (DCYF).

5.  Both Defendant Warwick and DCYF have acted to deprive Plaintiff of her ability to act as parent under the IDEA and make decisions for A.A. and instead appointed and educational advocate to act in said role, despite their being no need for that appointment and Plaintiff's desire to advocate for said child.

## JURISDICTION

6.  This Court has jurisdiction over Plaintiff's claims and the parties pursuant to 28 U.S.C. § 1331 because such claim arises under federal law, specifically the IDEA, 20 U.S.C. § 1400 et seq.,

7.  The Court has jurisdiction to award declaratory and preliminary and permanent injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 65 of the Federal Rules of Civil Procedure.

8.  Venue is proper in this district pursuant to 28 U.S.C. § 139l(b) because all Defendants reside in this district and the events and omissions giving rise to Plaintiff's claim occurred in this district.

9.  Exhaustion of administrative remedies is not required before this Court may exercise jurisdiction over Plaintiffs claim. As the First Circuit has recognized, exhaustion is not required where "the issues raised involve purely legal questions." Phil v. Massachusetts Dep 't of Educ., 9 F.3d 184, 190 (1st Cir. 1993). Furthermore, exhaustion is not required where "the agency's adoption of an unlawful general policy or practice would make resort to the agency futile." Weber v. Cranston Sch. Comm., 212 F.3d 41, 52 (1st Cir. 2000). Both are alleged here.

10. Both Defendants, Warwick and DCYF have adopted a position, in violation of the IDEA, that a C. S., foster parent, who is a grandparent, is not the decision maker under IDEA and denied

2

Plaintiff the ability to act as parent and fully participate in the proceedings in violation of 20 U.S.C. § 1401 (23) which states that C.S. qualifies as a parent and is allowed under 34 CFR 300.30 as a parent. See also Q.T. on behalf of H.P.-B v. Pottsgrove School District, 70 F.4th 663 (3rd Cir. 2023).

## GENERAL ALLEGATIONS

11. C.S. proceeds under a pseudonym because this Complaint discloses sensitive, private information about A.A., a grandchild, in foster care and who is disabled.

12. A.A., a minor, is designated by these letters as her initials in conjunction with those of C.S. would make disclosure of A.A.'s identity known.

13. Defendant Warwick is responsible for ensuring that state and federal educational laws are complied with by its schools. R.I.G.L. § 16-2-9 (3).

14. Defendant DCYF is responsible for ensuring that the civil rights of children in its care are upheld and enforced except when due process is provided. R.I.G.L. § 42-72-15 (a).

15. Similarly, as an arm of the State, DCYF must follow the mandates of 20 U.S.C. § 1407 which provides that each State that receives IDEA funds must "ensure that any State rules, regulations, and policies relating to this chapter conform to the purposes of this chapter."

16. At all relevant times, A.A. has been in a Foster Care placement from DCYF to the Plaintiff, A.A's grandmother with whom A.A. has lived for approximately one half of A.A's life.

17. On at least three occasions A.A.'s eligibility for special education and has been evaluated.

18. A.A.'s eligibility for a special education has been assessed by an eligibility team at the Hoxsie elementary school in Warwick at least twice.

19. On the last two occasion, the Plaintiff was excluded from acting as the parent of the A.A.

20. On each of the occasions prior to October 2023 where eligibility for special education was considered, it was determined that A.A. did not qualify and therefore an individualized educational program was never developed.

21. On October 17, 2023, an evaluation team met again regarding a 're-referral' from the appointed surrogate parent without Plaintiff in attendance and without Plaintiff acting as a parent. Rather than deciding what initial evaluations were needed to determine eligibility for special education as required by IDEA, the team only decided to send referrals to out of district special education schools to assess A.A.'s needs. It is unknown to the Plaintiff when a decision was made to send A.A. to St. Mary's for a 45-day placement.

22. No determination that A.A. is eligible for special education, no required Prior Written Notice, No IEP, draft or otherwise, has been created or provided to Plaintiff for AA.

23. Plaintiff was not asked to consent to this evaluation as is required by section 300.300(a)(3).

24. On November 8, 20s23, Plaintiff was required by Warwick and DCYF to bring A.A. to St. Mary's School for an intake.

25. After said intake it was determined that said placement is set to begin on November 15, 2023.

26. This placement violates A.A.'s rights to a placement in the least restrictive environment.

27. As stated by Section 300.114 "each public agency must ensure that — (1) To the maximum extent appropriate, children with disabilities, including children in public or private institutions or other care facilities, are educated with children who are nondisabled; and (2) Special classes, separate schooling, or other removal of children with disabilities from the regular educational environment occurs only if the nature or severity of the disability is such that education in regular classes with the use of supplementary aids and services cannot be achieved satisfactorily."

28. No attempt has been made by the Warwick Hoxsie elementary school to provide evaluations or services to A.A., a regular education student, in an environment which is less restrictive than a special education school.

29. A.A.'s removal from education with non-disabled peers also means she will be removed from her curriculum at Hoxie School, will have to travel longer distances than non-disabled peers, will miss out on her afterschool activities, will miss her friends, and will endure stigma if and when she to returns to Hoxie School.

30. Plaintiff was never given the right as qualified parent for these matters to consent or deny consent to this plan.

31. The core of the IDEA "is the cooperative process that it establishes between parents and schools." Schaffer ex rel. Schaffer v. Weast, 546 U.S. 49, 53 (2005). Parents play "a significant role in the IEP process," id., and parental consent is required prior to the initiation of an IEP evaluation or prior to the administration of special education services, 20 U.S.C. § 1414(a)(1)(D). The involvement and consent of the Parents are thus important parts of the IEP process.

32. Said policies of DCYF and Warwick in excluding the Plaintiff as the "parent" under IDEA violates the Plaintiff's rights as a parent under IDEA and ignores A.A. 's the civil rights to be educated the least restrictive environment,

**WHEREFORE**, Plaintiff request that a declaration enter that the actions of the Defendants violate federal and state law, and that an injunction enter requiring that:

a. The decision of the educational team to put A.A. in an out of district, 45-day diagnostic placement, to determine if an IEP should be put in place be stayed;

b. That the decision to send AA to any special education school to determine eligibility for special education be voided;

c. The Defendants be ordered to include the Plaintiff as the IDEA qualified parent as is required by various provisions of the IDEA including 20 U.S.C. § 1414(a)(1)(D) to include but not limited to providing C.S. with all evaluations, records, prior written notices, and any other documents schools must provide to parents;

d. ~~That the Defendants be required to recognize Plaintiff as the qualified parent with the responsibility and power to make educational decisions under State and Federal special education laws with access to A.A. 's educational records; and,~~

e. That fees and cost be awarded to the Plaintiff.

        Plaintiffs, C.S. and A.A.

        By their Attorney

        <u>/s/ Sonja L. Deyoe</u>
        Sonja L. Deyoe, 6301
        Law offices of Sonja L. Deyoe
        395 Smith Street
        Providence, RI 02908
        (401) 864-5877
        SLD@the-straight-shooter.com